IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>     Plaintiff,<br><br>  v.<br><br>LOGISTA ADVISORS LLC and ANDREW HARRIS SEROTTA,<br><br>     Defendants. | Case No. 1:23-cv-07485<br><br>Hon. John F. Kness |

### DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
### PLAINTIFF'S AMENDED COMPLAINT

  Defendants Logista Advisors LLC and Andrew Harris Serotta (collectively, "Logista"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move to dismiss the Amended Complaint (Dkt. 25) of the Commodity Futures Trading Commission (the "CFTC") in its entirety and with prejudice. In support of this Motion, Logista submits an accompanying Memorandum of Law and states as follows:

  1. Counts I and II of the Amended Complaint allege that Logista engaged in "spoofing" and a manipulative and deceptive scheme in violation of the Commodity Exchange Act and CFTC regulations. Because those Counts sound in fraud, they are subject to Rule 9(b)'s heightened pleading requirements. Those Counts should be dismissed because the CFTC has not alleged particularized facts, as required by Rule 9(b), to explain how Logista's trading activity was manipulative spoofing. No allegation in the Amended Complaint distinguishes Logista's so-called spoofing from legitimate trading activity. Nor does the Amended Complaint allege what impact the so-called spoof orders had on the market.

2. In addition, Counts I and II for spoofing and manipulation should be dismissed because the Amended Complaint fails to adequately allege scienter, which is an element of both Counts. Although state of mind may be pleaded generally, under Rule 9(b) a plaintiff must nevertheless allege scienter with a sufficient level of factual support such that there is a basis for believing that the plaintiff could prove scienter. Counts I and II require the CFTC to prove that Logista placed orders into the market with the intent to cancel those orders at the time they were placed. The Amended Complaint does not allege any facts sufficient to infer that the CFTC could prove that Logista intended to cancel orders at the time they were placed.

3. Counts III and IV allege that Logista's failure to supervise allowed the spoofing to occur in violation of a CFTC regulation and a prior 2017 CFTC "cease and desist" settlement order with Logista. Because the CFTC has not adequately alleged a claim for spoofing, the CFTC's claim that Logista's failure to supervise allowed the spoofing to occur must necessarily fail. Further, the CFTC claims in those Counts that Logista failed to supervise trading on ICE Europe. However, the Commodity Exchange Act does not apply extraterritorially to Logista's foreign trading activities on ICE Europe. Finally, Count IV, which is based on Logista's failure under the settlement order to "cease and desist" from violating the CFTC's supervision regulation, should be dismissed because courts have routinely held that such "obey-the-law" provisions are unenforceable.

WHEREFORE, because the Amended Complaint fails to cure the pleading deficiencies identified in Defendants' original motion to dismiss, which are uncurable, the Court should grant Logista's motion to dismiss the CFTC's Amended Complaint in its entirety with prejudice.

Date: December 19, 2023            Respectfully Submitted,

CAULEY LAW GROUP LLC

By: */s/ Thomas K. Cauley, Jr.*
Thomas K. Cauley, Jr. (ARDC No. 6185259)
tom@cauleylawgroup.com
Cauley Law Group LLC
521 Morris Lane
Hinsdale, IL 60521
(312) 493-8970

Steven E. Sexton (ARDC No. 6287356)
ssexton@sidley.com
Thomas A. Weber (ARDC No. 6336929)
tweber@sidley.com
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000

***Attorneys for Defendants***