IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> LOGISTA ADVISORS LLC AND ANDREW HARRIS SEROTTA, <br><br> Defendants. | Case No. 1:23-cv-07485 <br><br> Hon. John F. Kness <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT**

Steven E. Sexton (ARDC No. 6287356)
ssexton@sidley.com
Harry Dodsworth (ARDC No. 6338902)
hdodsworth@sidley.com
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000

Thomas K. Cauley, Jr. (ARDC No. 6185259)
tom@cauleylawgroup.com
Cauley Law Group LLC
521 Morris Lane
Hinsdale, IL 60521
(312) 493-8970

*Attorneys for Defendants*

Logista Advisors LLC and Andrew Harris Serotta (collectively, "Defendants") hereby answer the Amended Complaint filed on November 28, 2023 by the Commodity Futures Trading Commission ("Plaintiff"). The numbered responses below correspond to the numbered paragraphs of the Amended Complaint. Unless specifically admitted, each allegation of the Amended Complaint is denied. Defendants do not interpret the headings in the Amended Complaint as well-pleaded allegations to which any response is required. To the extent a response is required to the headings, Defendants deny any and all allegations contained in the headings.

1. Defendants deny the allegations in Paragraph 1 of the Amended Complaint.

2. Defendants admit that the second, third, and fourth sentences of Paragraph 2 of the Amended Complaint only to the extent that they describe the settlement that Logista Advisors LLC reached with the Commission in *In re Logista Advisors LLC*, CFTC No. 17-29, 2017 WL 4386949 (Sept. 29, 2017) (the "2017 Settlement"). Defendants also admit that the 2017 Settlement required Logista to cease and desist from violating Regulation 166.3, 17 C.F.R. § 166.3 (2022). Defendants refer the Court to the 2017 Settlement for its true and accurate contents. Defendants deny the remaining allegations in Paragraph 2. Defendants further state that Logista entered into the 2017 Settlement "[w]ithout admitting or denying the findings or conclusions herein." *In re Logista Advisors LLC*, CFTC No. 17-29, 2017 WL 4386949, at *1 (Sept. 29, 2017).

3. Defendants deny the allegations in Paragraph 3 of the Amended Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Amended Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Amended Complaint.

6. Defendants deny the allegations in Paragraph 6 of the Amended Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Amended Complaint.

8. Defendants admit that Plaintiff brought this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, and that Plaintiff seeks the relief alleged in Paragraph 8 of the Amended Complaint, but Defendants deny all liability, deny that Plaintiff is entitled to any relief, and deny any other allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9 of the Amended Complaint.

10. Paragraph 10 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over the above-named action. Defendants deny that Plaintiff is entitled to any injunctive or other relief in this action.

11. Paragraph 11 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue lies with this Court, and deny the remaining allegations in Paragraph 11.

12. Defendants admit the allegations in Paragraph 12 of the Amended Complaint.

13. Defendants admit the allegations in Paragraph 13 of the Amended Complaint.

14. Defendants admit that Mr. Serotta resides in Houston, Texas, and is the founder, Chief Executive Officer, Chief Investment Officer and indirect owner of Logista, and admit the allegations in the second and third sentences of Paragraph 14. Defendants deny the remaining allegations of Paragraph 14.

15. The first sentence in Paragraph 15 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 15, and therefore deny the allegations in that sentence. Defendants admit the allegations in the second sentence of Paragraph 15. Defendants lack information or knowledge

sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 15 of the Amended Complaint, and therefore deny that allegation.

16. Defendants admit that CME operates an electronic trading platform known as Globex that allows for the purchase and sale of futures contracts. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Amended Complaint, and therefore deny the remaining allegations in Paragraph 16.

17. Paragraph 17 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny the allegations in Paragraph 17.

18. Defendants admit that Paragraph 18 of the Amended Complaint accurately quotes 7 U.S.C. § 6c(a)(5)(C).

19. Defendants admit that Paragraph 19 of the Amended Complaint accurately quotes 7 U.S.C. § 9(1).

20. Defendants admit that Paragraph 20 of the Amended Complaint accurately quotes 17 C.F.R. § 180.1(a) (2022).

21. Defendants admit that Paragraph 21 of the Amended Complaint accurately quotes 17 C.F.R. § 166.3 (2022).

22. Defendants admit that Paragraph 22 of the Amended Complaint accurately quotes 7 U.S.C. § 13a-1(a).

23. Defendants admit that Paragraph 23 of the Amended Complaint accurately quotes 7 U.S.C. § 2(a)(1)(B) and 17 C.F.R. § 1.2 (2022).

24. Defendants admit that Paragraph 24 of the Amended Complaint accurately quotes 7 U.S.C. § 13c(b).

25. Defendants admit that the first, second and third sentences of Paragraph 25 of the Amended Complaint only to the extent that they describe the wording of the 2017 Settlement. Defendants refer the Court to the 2017 Settlement for its full and accurate contents. Defendants deny the remaining allegations in Paragraph 25. Defendants further state that Logista entered into the 2017 Settlement "[w]ithout admitting or denying the findings or conclusions herein." *In re Logista Advisors LLC*, CFTC No. 17-29, 2017 WL 4386949, at *1 (Sept. 29, 2017).

26. Defendants admit that Paragraph 26 of the Amended Complaint and the accompanying footnote one accurately quote the 2017 Settlement. Defendants refer the Court to the 2017 Settlement for its true and accurate contents. Defendants deny the remaining allegations in Paragraph 26. Defendants further state that Logista entered into the 2017 Settlement "[w]ithout admitting or denying the findings or conclusions herein." *In re Logista Advisors LLC*, CFTC No. 17-29, 2017 WL 4386949, at *1 (Sept. 29, 2017).

27. Defendants admit Paragraph 27 of the Amended Complaint only to the extent that it describes the wording of the 2017 Settlement. Defendants refer the Court to the 2017 Settlement for its full and accurate contents. Defendants deny the remaining allegations in Paragraph 27. Defendants further state that Logista entered into the 2017 Settlement "[w]ithout admitting or denying the findings or conclusions herein." *In re Logista Advisors LLC*, CFTC No. 17-29, 2017 WL 4386949, at *1 (Sept. 29, 2017).

28. Defendants admit that the 2017 Settlement required Logista to pay a civil monetary penalty of $250,000 and that the 2017 Settlement required Logista to cease and desist from violating Regulation 166.3, 17 C.F.R. § 166.3 (2022). Defendants refer the Court to the 2017

4

Settlement for its full and accurate contents. Defendants deny the remaining allegations of Paragraph 28 of the Amended Complaint. Defendants further state that Logista entered into the 2017 Settlement "[w]ithout admitting or denying the findings or conclusions herein." *In re Logista Advisors LLC*, CFTC No. 17-29, 2017 WL 4386949, at *1 (Sept. 29, 2017).

29. Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

30. Defendants admit that they hired additional compliance personnel in July 2020 and entered into a contract for software to monitor disruptive trading in November 2020. Defendants deny the remaining allegations in Paragraph 30 of the Amended Complaint.

31. Defendants admit the allegations in Paragraph 31 of the Amended Complaint.

32. Defendants admit the allegations in Paragraph 32 of the Amended Complaint.

33. Defendants admit the allegations in Paragraph 33 of the Amended Complaint.

34. Defendants admit the allegations in Paragraph 34 of the Amended Complaint.

35. Defendants admit the allegations in Paragraph 35 of the Amended Complaint.

36. Defendants admit the allegations in Paragraph 36 of the Amended Complaint.

37. Defendants deny that the Brent Last Day Financial Futures contract listed on NYMEX is settled through delivery. Defendants admit the remaining allegations in Paragraph 37 of the Amended Complaint.

38. Defendants admit the allegations in Paragraph 38 of the Amended Complaint

39. Defendants admit that NG, CL, and BZ calendar spreads are "regularly traded" on Globex. Defendants admit that, in the context of futures contracts, trading calendar spreads may, among other strategies, involve buying a futures contract for a commodity that expires in a certain month and selling a futures contract for the same commodity that expires in a different month. Defendants deny the remaining allegations of Paragraph 39 of the Amended Complaint.

40. Defendants admit the allegations in Paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations in the first sentence of Paragraph 41 of the Amended Complaint. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 42 of the Amended Complaint, and therefore deny that allegation.

42. Defendants admit the allegations in Paragraph 42 of the Amended Complaint.

43. Defendants admit the allegations in Paragraph 43 of the Amended Complaint.

44. Defendants deny the first sentence of Paragraph 44 of the Amended Complaint. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 44 of the Amended Complaint, and therefore deny the allegations in that sentence. Defendants admit that the identities of the traders who placed the orders are not visible, and admit the allegations in the third, fifth, sixth and seventh sentences of Paragraph 44 of the Amended Complaint. Defendants deny the remaining allegations of Paragraph 44 of the Amended Complaint.

45. Defendants admit the allegations in the first, second, third and fourth sentences of Paragraph 45 of the Amended Complaint, except deny that a buy order is an "offer" to buy; it is a "bid" to buy. Defendants deny the allegations in the last sentence of Paragraph 45.

46. Defendants deny that a "passive" or "resting" buy order is an "offer" to buy at a price that is lower than the price at which other traders are currently willing to sell, but Defendants admit that a "passive" or "resting" buy order is a "bid" to buy at a price that is lower than the price at which other traders are currently willing to sell. Defendants admit that a "passive" or "resting" sell order is an offer to sell at a price that is higher than the price at which other traders are currently willing to buy. Defendants also admit that a passive or resting order does not cross the bid-ask

spread, that passive orders rest for at least some amount of time after being placed and are not guaranteed to execute, and that passive orders may be partially or entirely filled. Defendants deny the remaining allegations in Paragraph 46 of the Amended Complaint.

47. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 47 of the Amended Complaint, and therefore deny that allegation. Defendants admit the allegations in the fourth and fifth sentences of Paragraph 47. Defendants deny the final sentence of Paragraph 47 of the Amended Complaint, and any remaining allegations.

48. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Amended Complaint, and therefore deny the allegations in Paragraph 48.

49. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Amended Complaint, and therefore deny the allegations in Paragraph 49.

50. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Amended Complaint, and therefore deny the allegations in Paragraph 50.

51. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Amended Complaint, and therefore deny the allegations in Paragraph 51.

52. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Amended Complaint, and therefore deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Amended Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Amended Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Amended Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Amended Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Amended Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Amended Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Amended Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Amended Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Amended Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Amended Complaint and the accompanying footnote three.

66. Defendants deny the allegations in Paragraph 66 of the Amended Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Amended Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Amended Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Amended Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Amended Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Amended Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Amended Complaint and the accompanying footnote four.

73. Defendants deny the allegations of Paragraph 73 of the Amended Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Amended Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Amended Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Amended Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Amended Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Amended Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Amended Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Amended Complaint and the accompanying footnote five.

81. Defendants deny the allegations in Paragraph 81 of the Amended Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Amended Complaint.

83. Defendants deny the allegations in Paragraph 83 of the Amended Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Amended Complaint.

85. Defendants deny the allegations in Paragraph 85 of the Amended Complaint.

86. Defendants deny the allegations in Paragraph 86 of the Amended Complaint and the accompanying footnote six.

87. Defendants deny the allegations in Paragraph 87 of the Amended Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Amended Complaint.

89. Defendants admit that their net position in the NGH0–NGJ0 (natural gas March–April 2020) calendar spread from trading solely during 10:56:22.803 PM until 11:12:21.768 PM on February 19, 2020 was short six lots. Defendants deny the remaining allegations in Paragraph 89 of the Amended Complaint.

90. Defendants admit that on February 19, 2020 from 10:56:22.803 PM until 11:12:21.768 PM Serotta did not buy or sell any other NG calendar spreads on CME other than

the 2,874 lots identified in Paragraph 87. Defendants deny the remaining allegations in Paragraph 90 of the Amended Complaint.

91. Defendants deny the allegations in Paragraph 91 of the Amended Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Amended Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Amended Complaint.

94. Defendants deny the allegations in Paragraph 94 of the Amended Complaint and in footnote 7 thereto.

95. Defendants deny the allegations in Paragraph 95 of the Amended Complaint.

96. Defendants deny the allegations in Paragraph 96 of the Amended Complaint.

97. Defendants deny the allegations in Paragraph 97 of the Amended Complaint.

98. Defendants admit the allegations in the first sentence of Paragraph 98 of the Amended Complaint. Defendants deny the allegations in the second sentence of Paragraph 98.

99. Defendants incorporate by reference their responses to Paragraphs 1 through 98 of the Amended Complaint.

100. Defendants deny the allegations in Paragraph 100 of the Amended Complaint.

101. Defendants deny the allegations in Paragraph 101 of the Amended Complaint.

102. Defendants deny the allegations in Paragraph 102 of the Amended Complaint.

103. Defendants deny the allegations in Paragraph 103 of the Amended Complaint.

104. Defendants deny the allegations in Paragraph 104 of the Amended Complaint.

105. Defendants deny the allegations in Paragraph 105 of the Amended Complaint.

106. Defendants incorporate by reference their responses to Paragraphs 1 through 98 of the Amended Complaint.

107. Defendants admit that Paragraph 107 of the Amended Complaint accurately quotes 7 U.S.C. § 9(1), but Defendants deny any violations of or liability under this provision.

108. Defendants admit that Paragraph 108 of the Amended Complaint accurately quotes 17 C.F.R. § 180.1(a), but Defendants deny any violations of or liability under this provision.

109. Defendants deny the allegations in Paragraph 109 of the Amended Complaint.

110. Defendants deny the allegations in Paragraph 110 of the Amended Complaint.

111. Defendants deny the allegations in Paragraph 111 of the Amended Complaint.

112. Defendants deny the allegations in Paragraph 112 of the Amended Complaint.

113. Defendants deny the allegations in Paragraph 113 of the Amended Complaint.

114. Defendants deny the allegations in Paragraph 114 of the Amended Complaint.

115. Defendants incorporate by reference their responses to Paragraphs 1 through 98 of the Amended Complaint.

116. Defendants admit that Paragraph 108 of the Amended Complaint accurately quotes 17 C.F.R. § 166.3, but Defendants deny any violations of or liability under this provision.

117. Defendants deny the allegations in Paragraph 117 of the Amended Complaint.

118. Defendants deny the allegations in Paragraph 118 of the Amended Complaint.

119. Defendants deny the allegations in Paragraph 119 of the Amended Complaint.

120. Defendants incorporate by reference their responses to Paragraphs 1 through 98 of the Amended Complaint.

121. Defendants admit that the first sentence of Paragraph 121 of the Amended Complaint accurately describes the 2017 Settlement. Defendants admit that the 2017 Settlement was entered under the Commission's authority pursuant to Section 6(c) and (d) of the Act, 7 U.S.C. §§ 9(4), 13a-2, and that Plaintiff accurately quotes from the 2017 Settlement in the last sentence

11

of Paragraph 121. Defendants refer the Court to the 2017 Settlement for its true and accurate contents. Defendants deny the remaining allegations in Paragraph 121.

122. Defendants admit that Paragraph 122 of the Amended Complaint accurately quotes the 2017 Settlement. Defendants refer the Court to the 2017 Settlement for its true and accurate contents. Defendants deny the remaining allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123 of the Amended Complaint.

124. Defendants deny the allegations in Paragraph 124 of the Amended Complaint.

125. Defendants deny the allegations in Paragraph 125 of the Amended Complaint.

## ANSWER TO RELIEF REQUESTED

Defendants deny any liability and deny that Plaintiff is entitled to the requested relief or to any remedy or relief whatsoever.

## AFFIRMATIVE DEFENSES

1. **The CEA Does Not Apply Extraterritorially.** Counts III and IV of the Amended Complaint allege that Logista failed to supervise trading conducted on ICE Futures Europe. Those claims should be dismissed because the Commodity Exchange Act, 7 U.S.C. § 1, et seq., and 17 C.F.R. § 166.3 do not extend to trading outside of the United States.

2. **Unenforceability of 2017 Settlement.** Count IV of the Amended Complaint alleges that Logista violated the "obey-the-law" provision of the 2017 Settlement. Count IV should be dismissed because that "obey-the-law" provision is unenforceable under the facts of this case.

## JURY DEMAND

Defendants hereby request a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Date: August 22, 2024　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　By: */s/ Steven E. Sexton*
　　　　　　　　　　　　　　　　　　　　　Steven E. Sexton (ARDC No. 6287356)
　　　　　　　　　　　　　　　　　　　　　ssexton@sidley.com
　　　　　　　　　　　　　　　　　　　　　Harry Dodsworth (ARDC No. 6338902)
　　　　　　　　　　　　　　　　　　　　　hdodsworth@sidley.com
　　　　　　　　　　　　　　　　　　　　　Sidley Austin LLP
　　　　　　　　　　　　　　　　　　　　　One South Dearborn
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　　　　　　(312) 853-7000

　　　　　　　　　　　　　　　　　　　　　Thomas K. Cauley, Jr. (ARDC No. 6185259)
　　　　　　　　　　　　　　　　　　　　　tom@cauleylawgroup.com
　　　　　　　　　　　　　　　　　　　　　Cauley Law Group LLC
　　　　　　　　　　　　　　　　　　　　　521 Morris Lane
　　　　　　　　　　　　　　　　　　　　　Hinsdale, IL 60521
　　　　　　　　　　　　　　　　　　　　　(312) 493-8970

　　　　　　　　　　　　　　　　　　　　　***Attorneys for Defendants***

13