IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COMMODITY FUTURES TRADING          )          No. 23 C 7485
COMMISSION,                        )
                                   )
            Plaintiff,             )
                                   )
     v.                            )
                                   )
LOGISTA ADVISORS LLC and ANDREW    )
HARRIS SEROTTA,                    )          Chicago, Illinois
                                   )          July 25, 2024
            Defendants.            )          8:45 a.m.

     TRANSCRIPT OF PROCEEDINGS - TELEPHONIC MOTION HEARING
          BEFORE THE HONORABLE JOHN F. KNESS

APPEARED TELEPHONICALLY:

For the Plaintiff:          COMMODITY FUTURES TRADING COMMISSION
                            BY:  MR. PATRYK J. CHUDY
                                 MS. LARA TURCIK
                            290 Broadway, 6th Floor
                            New York, New York  10007

                            COMMODITY FUTURES TRADING COMMISSION
                            BY:  MR. DEVIN MICHAEL CAIN
                            140 Broadway, 19th Floor
                            New York, New York  10005

For the Defendants:         CAULEY LAW GROUP LLC
                            BY:  MR. THOMAS K. CAULEY, JR.
                            521 Morris Lane
                            Hinsdale, Illinois  60521

                            SIDLEY AUSTIN LLP
                            BY:  MR. STEVEN E. SEXTON
                            One S. Dearborn Street
                            Chicago, Illinois  60603


Court Reporter:             NANCY C. LABELLA, CSR, RDR, FCRR
                            Official Court Reporter
                            219 S. Dearborn Street, Room 2128
                            Chicago, Illinois  60604
                            (312) 435-6890
                            Nancy_LaBella@ilnd.uscourts.gov

1    (Proceedings held via telephone conference:)

2         THE CLERK:  23 cv 07485, Commodity Futures Trading

3    Commission v. Logista.

4         THE COURT:  Good morning.  This is the Judge.  We are

5    here for a hearing in the case.  I'll get counsel's appearances

6    in a moment here.  But I did want to thank everyone involved in

7    the case for two things.  First is for your patience with

8    respect to having to reschedule this hearing when we were

9    scheduled for last week, I believe it was.  We at the court

10   were having various technical issues due to I guess you would

11   call it a kerfuffle involving information technology worldwide.

12   And it was affecting us and I understand it might have been

13   affecting counsel as well.  In any event, I thank you for your

14   flexibility.

15        Second, I thank you for accommodating the early time

16   today.  We're in the middle of a bench trial and I wanted to

17   move forward in the case, and I appreciate your flexibility in

18   that regard as well.

19        Let's ask, please, for counsel for the plaintiff to

20   identify yourselves.

21        MR. CHUDY:  Good morning, your Honor.  This is Patryk

22   Chudy on behalf of plaintiff Commodity Futures Trading

23   Commission.  Appearing with me today are Lara Turcik and Devin

24   Cain.

25        THE COURT:  Good morning to all of you.

1          Mr. Chudy, will you be the principal speaker today?

2          MR. CHUDY:  Yes, your Honor.

3          THE COURT:  Very well.

4          And then who is appearing on behalf of the defendants?

5          MR. CAULEY:  Your Honor, Tom Cauley, C-a-u-l-e-y,

6    representing the defendants.  And with me on the phone is Steve

7    Sexton, who is also representing the defendants.

8          THE COURT:  Good morning to both of you.

9          And to anyone from the public who is listening, good

10   morning to you as well.

11         We are here for a motion hearing.  And I will tell you

12   that -- obviously there's a motion that's been pending for some

13   time here.  And in the interest of moving the case forward, I'm

14   going to issue an oral ruling denying the motion to dismiss.

15   I'll give you that result upfront.  I'll ask for your patience

16   as I read an oral ruling into the record.

17         It is sometimes preferable to have a written ruling,

18   but in balancing the large number of cases and large number of

19   motions, especially motions to dismiss, sometimes we have to

20   make compromises at the district court level and one of those

21   is occasionally issuing oral rulings.  So I will do that.

22         Now, I will state at the outset and probably again at

23   the end of the hearing that the motion to dismiss was as well-

24   presented by counsel as it could have been.  But I nevertheless

25   think, under the governing standard, that the motion needs to

1    denied.

2         So, again, asking for your patience as I read the oral

3    ruling -- it will take a few minutes -- and then we will talk

4    about next steps.

5         By way of background, the defendant LLC, Logista

6    Advisors, is an energy trading firm.  And the individual

7    defendant, Mr. Serotta, is the owner, founder, CEO, and head

8    trader of the LLC.  Both defendants are registered with the

9    Commodity Futures Trading Commission, which, of course, is the

10   CFTC.  Logista is registered --

11        (Audio transmission interrupted.)

12            THE COURT:  Stand by, please.

13        (Brief pause.)

14            THE COURT:  Let me just ask, Mr. Chudy, were you here

15   for the whole hearing or did we have an incident with dropping

16   the call?

17            MR. CAULEY:  Your Honor, I'm here since the outset and

18   have had no issues hearing anything that you're saying.

19            THE COURT:  Understood.

20            Mr. Cauley?

21            MR. CAULEY:  I, as well, have been on the whole time.

22            THE COURT:  Okay.  I'm sorry for that interruption.

23   Thank you.

24            As I said, both defendants are registered with the

25   CFTC.  Logista is a Commodity Trading Advisor and Commodity

1    Pool Operator and Mr. Serotta is registered as an Associated
2    Person of Logista.

3           As set forth in the amended complaint, CFTC alleges
4    that Mr. Serotta, acting on behalf of Logista, engaged in a
5    manipulative and deceptive scheme that was accomplished by
6    means of trading in certain futures markets.  In particular,
7    Mr. Serotta's purported scheme followed a four-step pattern.

8           By the way, as I read all of these allegations, please
9    understand I know that they're allegations.  Nothing has been
10   proven yet.  But I am viewing the allegations in the light as
11   they are presented, accepting the well-pleaded allegations as
12   true, as I am required to do.

13          One moment, please.

14     (Brief pause.)

15       THE COURT:  By the way, as I refer to various
16   paragraphs, that will be to the amended complaint, which is at
17   docket 25.

18          As I was saying, the alleged four-step pattern
19   involved the following steps: one, placement of one or more
20   large resting orders of 200-plus contracts on one side of the
21   market with an intent to cancel those orders; two, placing one
22   or more smaller orders on the opposite side of the market at
23   roughly the same time with an intent to execute those orders;
24   three, actually executing those genuine orders; and, four,
25   canceling the large alleged spoof orders soon thereafter.

1    That's all from paragraph 53 of the amended complaint.

2         Plaintiff alleges that this pattern points to an

3    inference that Mr. Serotta was engaged in illegal spoofing.

4    The plaintiff states that Mr. Serotta intended this spoofing

5    activity to put pressure on the price of the futures, which

6    would benefit as genuine orders and deceive or mislead market

7    participants into filing those genuine orders at the desired

8    higher price.  All of that is paragraphs 53 through 69.

9         Plaintiff has brought four separate legal theories,

10   claims, against Logista and Mr. Serotta in its amended

11   complaint.  Defendants, at docket 28, moved to dismiss that

12   complaint in its entirety.

13        In summary, the allegations are, in Count I, that Mr.

14   Serotta engaged in illegal spoofing, which was in violation of

15   Section 6c(a)(5)(C) of the Commodity Exchange Act -- which I'll

16   refer to from now on as the Act -- because Mr. Serotta acted

17   with an intent to cancel each spoof order when it was placed.

18   That's paragraphs 99 through 105.

19        Count II sets forth a theory that Mr. Serotta

20   intentionally engaged in fraud and manipulation through the use

21   of a deceptive device under Section 6c(1) of the Act.  That's

22   paragraphs 106 through 114.

23        Count III alleges that Logista failed to supervise --

24   failed in its duty of supervision and, thus, violated

25   Commission Regulation 166.3 because Logista lacked an adequate

1   supervisory structure and failed to perform its supervisory

2   duties diligently, which, it is alleged, permitted Mr. Serotta

3   to engage in disruptive trading practices.  That's at

4   paragraphs 115 through 119.

5          Finally, Count IV alleges a theory that a 2017 --

6   that's the year 2017 -- order from CFTC was violated.  That

7   order required the defendant Logista to cease and desist from

8   violating Regulation 166.3.  That's set forth at paragraphs 120

9   through 125.

10         The motion to dismiss legal standard is well-

11  established, but I will summarize it nonetheless.

12         As I said, the defendants move to dismiss all four

13  counts.  And they contend that the plaintiff fails to state a

14  claim under Rule 12(b)(6) of the Federal Rules of Civil

15  Procedure.

16         A 12(b)(6) motion challenges the sufficiency of the

17  complaint to state a claim on which relief may be granted.  As

18  the Ashcroft and Twombly -- I'm sorry, the Iqbal and Twombly

19  standards have set forth for 15 years now, each complaint must

20  contain sufficient factual matter, accepted as true, to state a

21  claim for relief that is plausible on its face.  The

22  allegations must raise a right to relief above the speculative

23  level.

24         As the Seventh Circuit put it succinctly and clearly

25  in the case of Kaminski -- that's K-a-m-i-n-s-k-i -- v. Elite

1    Staffing, reported at 23 F.4th 774 at page 777 -- that's a 2022

2    decision -- the complaint must present a short, plain, and

3    plausible factual narrative that conveys a story that holds

4    together.

5         As I said earlier, I have to accept as true the

6    complaint's factual allegations and draw reasonable inferences

7    from those allegations, but I do not need to accept legal

8    conclusions.

9         In addition, Rule 9(b) applies because Counts I and II

10   sound in fraud.  Rule 9(b) has a heightened pleading standard,

11   of course, and says, according to the rule, that a plaintiff

12   must state with particularity the circumstances constituting

13   fraud.

14        As the Seventh Circuit said in a case of United

15   States, through, Presser v. Acacia -- that's A-c-a-c-i-a --

16   Mental Health Clinic, 836 F.3d 770 at page 776, 2016 Seventh

17   Circuit decision, plaintiffs alleging fraud must use some means

18   of injecting precision and some measure of substantiation into

19   their allegations of fraud.  As has been sometimes said, a

20   plaintiff who alleges fraud must provide all of the information

21   in the first paragraph of any newspaper story, the who, what,

22   when, where, and how.

23        Turning to the motion to dismiss, in the reasons set

24   forth in the defendants' memorandum at docket 29, the

25   defendants argue that plaintiff's allegations don't satisfy

1    Rule 9(b) because the amended complaint fails to explain how or

2    why the defendants' trading activity was, or constituted,

3    manipulative spoofing.  That's, among other places, at page 10

4    of docket 29.

5         The main argument of defendants is that there's,

6    quote, nothing wrong, close quote, with the actions they took:

7    nothing wrong with placing 200-plus contract orders, nothing

8    wrong with placing orders on both sides of the market in

9    unequal quantities, and nothing wrong with canceling orders and

10   the like.  That's pages 11 through 15 of docket 29.

11        The defendants also argue that the plaintiffs fill

12   rate comparison is arbitrary and meaningless and doesn't

13   support manipulation theory.  That's pages 15 through 17.

14        They argue -- defendants, that is -- that the fact

15   that the spoof orders were in the market for a median 52-second

16   period undercuts the spoofing claim.  That's pages 17 through

17   19.

18        Defendants argue as well that plaintiff doesn't allege

19   the impact the alleged spoofing had on the market, pages 19

20   through 20.

21        And, finally, the defendants argue that the

22   plaintiff's detailed spoofing examples in the complaint fail to

23   state a spoofing claim.  That's pages 20 through 21.

24        In response and in opposition to the motion, the

25   plaintiff, CFTC, responds that the "nothing is wrong" argument

1   made by the defendants really goes to the merits of the case,

2   which is not appropriate at the motion to dismiss stage.  CFTC

3   argues that its allegations, taken in the main, sufficiently

4   establish a pattern of trading that supports an inference that

5   Mr. Serotta placed orders with an intent to cancel or mislead.

6   That's all set forth at docket 36.

7           As to Counts I and II, I am denying the motion.  The

8   legal standard of Section 6c(a)(5)(C) of the Act makes it

9   unlawful for any person to engage in any trading that is

10  commonly known to the trade as spoofing: bidding or offering

11  with the intent to cancel the bid or offer before execution.

12  That's, of course, Title VII of the United States Code,

13  Section 6c(a)(5)(C).

14          To state a claim for spoofing under that section, CFTC

15  must allege that the defendants traded with the intent to

16  cancel the bid or offer before execution.  I will cite two

17  cases for that.  There's a district court case -- which of

18  course is persuasive, not binding, but I do find it

19  persuasive -- CFTC v. Skudder, S-k-u-d-d-e-r.  That's found at

20  2022 Westlaw 17752392 at page 6.  It's a 2022 decision.  Also,

21  Seventh Circuit decision in United States v. Coscia -- that's

22  spelled C-o-s-c-i-a -- 4 F.4th 454 at pages 460 to 61, and at

23  note 4.  It's a 2021 decision.

24          The legal standard for Count II, which is manipulation

25  or deception, is that under Section 6c(1) of the Act, as well

1    as Regulations 180.1(a)(1) and (3), make it unlawful for any

2    person intentionally or recklessly to use or employ any

3    manipulative or deceptive device in connection with the sale of

4    any commodity, or engage in any practice which operates as

5    fraud or deceit.

6           To support a claim legally under that theory, a

7    plaintiff must prove that the defendant acted intentionally or

8    recklessly, citing the Skudder case at page 6, as well as CFTC

9    v. Oystacher, O-y-s-t-a-c-h-e-r, 203 F. Supp. 3d 934 at 949,

10    Northern District of Illinois 2016.

11           It's true, noticed in the briefing, that defendants

12    cite a different pleading standard under CFTC v. Kraft,

13    K-r-a-f-t, 153 F. Supp. 3d 996, Northern District of

14    Illinois 2015, which requires a plaintiff to plead market

15    impact. I have reviewed the case, but I find that that case

16    defines the standard for a price manipulation claim under 6c(1)

17    of the Act, not a spoofing claim, which is what we have here.

18    So I'm not sure it's controlling. In any event, even if it was

19    controlling, I do believe that the plaintiff, at paragraphs 49

20    through 55 and 60 through 62 of the amended complaint at docket

21    25, has sufficiently alleged market impact.

22           Of course, because these are fraud claims, they do

23    require that there be a plausible allegation. It's an open

24    question in my mind whether you actually need to allege this,

25    given the plausibility standard. But assuming that there needs

1    to be an allegation of intent and that it needs to be pleaded

2    under the heightened standard of Rule 9(b), those allegations

3    still may be provided generally.  There must be some basis for

4    believing that the defendants had the required intent, but, as

5    has been explained, circumstantial facts about the nature of

6    the alleged scheme can sufficiently show fraudulent intent at

7    the pleading stage.

8          I will repeat, as I said earlier and as I will

9    continue to believe, that -- and I'm going a little bit off

10   track here -- but the Seventh Circuit has been adamant -- all

11   circuits have been adamant but in particular the Seventh

12   Circuit, as has the Supreme Court -- about the difference

13   between allegations in our notice pleading regime versus proof.

14   None of this may turn out to be true following discovery.  And

15   perhaps there will be a viable motion for summary judgment

16   after the facts have been developed.  But we're not at the

17   fact-developing stage right now.  We're merely at the

18   "plausibility of allegations" stage.

19         And under that regime, by which all cases are bound,

20   naturally -- district courts are bound by the precedents of the

21   Court of Appeals -- allegations about fraudulent intent can be

22   general.

23         I will say that I'm citing the Skudder case, as well

24   as Borsellino, B-o-r-s-e-l-l-i-n-o, v. Goldman Sachs, 477 F.3d

25   502, page 508 is the pin cite, 2007 decision of the Seventh

1    Circuit.

2         I find that, for better or worse, rightly or wrongly,

3    the CFTC has alleged enough to show Mr. Serotta's intent.

4    There are numerous statements that Mr. Serotta placed many

5    orders with an intent to cancel them before execution.

6         But there's more than that.  The complaint, in my

7    view, details the pattern, structure, and result of Mr.

8    Serotta's alleged scheme.

9         There's an alleged four-step spoofing pattern, as set

10   forth at paragraph 53; the complaint states exactly how many

11   spoofing events occurred and how many spoofing versus genuine

12   orders that Mr. Serotta made during the relevant period,

13   paragraph 56; it states the percent of contracts defendant

14   Serotta canceled pursuant to step four of his pattern, that's

15   paragraph 59; compares the fill ratios and filled contract

16   rates and median duration of cancellation time between spoofing

17   and non-spoofing order, paragraphs 65 through 67; and explains

18   in detail five separate spoofing events during the relevant

19   period, paragraphs 70 through 97.

20        In my view, those allegations are sufficient to

21   provide the who, what, where, when, and how, and all of that,

22   of defendants' alleged spoofing activities under Rule 9(b).

23   And that's, in my view, sufficient for us to draw an inference

24   at this stage that the defendant, Mr. Serotta, engaged in

25   unlawful spoofing and manipulative or deceptive activities

1    under Rule 8(a).

2         As to the arguments about fill rate comparisons --

3    these are defendants' arguments, of course -- duration that

4    orders were left open in the market and the effect on the

5    market, I believe that those are better suited for resolution

6    at a later stage of the litigation because they speak to the

7    merits of the claims, not the allegations' sufficiency.

8         For those reasons, the motion to dismiss is denied as

9    to Counts I and II.

10        As to Count III, which is failure to supervise, and

11   Count IV, which is the violation of the 2017 order, the

12   defendants contend that I should dismiss those claims because

13   the plaintiff has not adequately alleged underlying disruptive

14   trading practices, and because plaintiff's claims rely on

15   allegations that defendant Logista failed properly to supervise

16   training in ICE Europe, which the Act does not apply to.  That

17   argument is set forth at docket 29 at pages 21 through 22.

18        In response, plaintiff contends that it doesn't need

19   to prove an underlying violation to succeed on Counts III and

20   IV, and that all of the alleged misconduct happened within the

21   United States or as a CFTC registrant.  That's docket 36 at

22   pages 21 through 23.

23        I am denying the motion to dismiss as to Counts III

24   and IV on this set of arguments.  I will come to the 2017 order

25   basis in a minute.

1          Plaintiff argues, or alleges rather, in Counts III and

2     IV, that the defendants have violated Regulation 166.3.  That

3     regulation imposes an affirmative duty on CFTC registrants to

4     diligently supervise the handling of all commodity interest

5     accounts relating to its business as a Commission registrant.

6     That's 17 C.F.R. Section 166.3.  That was not a verbatim quote.

7          CFTC has held, in an administrative capacity, that a

8     violation of Regulation 166.3 is an independent violation for

9     which no underlying violation is necessary.  I'll cite 2022

10    Westlaw 20358892.  That's from June 30th, 2022.  The case is In

11    re Interactive Brokers LLC.

12         I find that at this stage, Regulation 166.3 does not

13    require plaintiffs sufficiently to prove an underlying

14    violation.  So the motion to dismiss is denied as to Counts III

15    and IV on that basis.

16         In addition, all the alleged misconduct in the amended

17    complaint happened within the United States, as alleged, so the

18    argument regarding the extraterritoriality of Regulation

19    166.3 -- that is, the application outside of this territory --

20    I find those arguments are without merit.  For that additional

21    reason, I'm denying the motion to dismiss as to Counts III and

22    IV based on the first set of arguments.

23         As to the violation of the 2017 order, defendants

24    contend that because Count IV alleges Logista violated an obey-

25    the-law provision of the 2017 order, Count IV must be dismissed

1    because obey-the-law provisions are unenforceable.  That's

2    noted at docket 29 at page 23.

3            In response, plaintiffs contend that obey-the-law

4    provisions are occasionally enforceable under certain

5    circumstances, such as when the evidence suggests that the

6    illegal conduct may continue, which the plaintiffs argue it has

7    because defendants have previously engaged in spoofing in 2017

8    and are allegedly engaged in spoofing again here.

9            I am denying the motion to dismiss as to Count IV.  It

10   is true, as the Seventh Circuit explained in EEOC v. AutoZone,

11   707 F.3d 824 at 842 to 843, 2013 case, a request for an obey-

12   the-law injunction must be evaluated with great care and may be

13   an appropriate form of relief only where the evidence suggests

14   that the proven illegal conduct may be resumed.

15           The Seventh Circuit has also upheld obey-the-law

16   injunctions in situations where the employee responsible for

17   the illegal conduct remains at the company or where the

18   employer has taken some action that convinces the court that

19   compliance with the law will not happen.  That's pages 842 to

20   843.

21           Under that standard as set forth in AutoZone, I find

22   that, at this stage, plaintiff has presented enough allegations

23   in this case plausibly to support an inference that the alleged

24   misconduct, illegal conduct, by defendants might be resumed.

25           In particular, plaintiff alleges that Logista has

1   failed adequately to supervise its employees, something it was

2   explicitly ordered to do in the 2017 order.  That's set forth

3   at paragraphs 2 and 25 through 30 of docket 25.

4          For this additional reason, I am denying the motion to

5   dismiss as to Count IV.

6          That's my ruling.  As I said, I don't claim to be

7   infallible, by any stretch.  And certainly the arguments

8   presented by the defendants was as well-presented as I think it

9   could be, but I do find that the motion fails for the reasons

10   I've given and that is my ruling.

11          Let's talk about where we are in the case.  Turning

12   first to the plaintiff.

13          MR. CHUDY:  Thank you, your Honor.  This is Patrick

14   Chudy for plaintiff, Commodity Futures --

15          THE COURT:  I'm sorry.  I can't hear you very well.

16   Could you either take yourself off speaker or speak louder.

17          MR. CHUDY:  Sure.  Is this better?

18          THE COURT:  Yes.  Thank you.

19          MR. CHUDY:  Great.

20          So the parties have a discovery schedule in place at

21   the moment and have been proceeding with discovery.  We have

22   exchanged document discovery of requests and responses.  The

23   parties have been producing documents in response to those

24   requests and -- (audio transmission interrupted) -- at the

25   moment, we have been making every effort to address each

1   parties' respective requests.

2        I don't believe there are any issues that are ripe for

3   the Court at the moment to address.  But -- (audio transmission

4   interrupted) -- request an opportunity to respond to anything

5   the defendants would raise.

6        The discovery schedule at the moment --

7        THE COURT:  Hold on one second, would you, please.

8        Somebody sounds like they're wrapping a gift in the

9   background.  If you're shuffling papers, please mute yourself

10  because it's distracting.  Thank you.

11       Go ahead, Mr. Chudy.

12       MR. CHUDY:  So the discovery cutoff for fact discovery

13  is in mid-November, November 15th.  And the discovery schedule

14  in place then contemplates expert discovery to proceed after

15  that, with the disclosure of plaintiff's expert reports,

16  depositions, then the disclosure of defendants' expert reports

17  and depositions, and then rebuttal.  And the current deadline

18  for completion of expert discovery is in May 30th, 2025,

19  followed by a deadline for dispositive motions.

20       So that's where we are.

21       The parties have not conducted deposition discovery

22  yet, but I anticipate that will commence very soon now that the

23  parties are finished with document discovery.

24       But other than that, unless the Court had questions or

25  defendants had issues they wanted to raise, I don't think

1    plaintiff had anything else to discuss at the conference this

2    morning.

3              THE COURT:  Very well.  Thank you.

4              Mr. Cauley.

5              MR. CAULEY:  Yes, your Honor.  Your Honor entered a

6    modified scheduling order in April of 2024, and we're following

7    that.  The completion of fact -- (audio transmission

8    interrupted) --

9        (Brief pause.)

10             THE COURT:  Mr. Cauley, we lost you there.

11             MR. CAULEY:  -- the issues that are outstanding, there

12   are no ripe disputes.

13             THE COURT:  Mr. Cauley, we lost you there.  You said

14   you're following the order entered in April 2024.  And you said

15   it contemplates the fact, and then I lost you, at least.

16             Could you start over from that point?

17             MR. CAULEY:  Yes, your Honor.  Can you hear me now?

18             THE COURT:  Yes.  Thank you.

19             MR. CAULEY:  Yeah, my earbuds must have lost battery.

20             But, in any event, we're proceeding under the

21   schedule.  There's no issues that are ripe for the Court.  And

22   the November 15th, 2024 deadlines is doable.

23             THE COURT:  All right.  Thank you for that summary.

24             I am going to refer the case to Magistrate Judge

25   Gilbert, I believe is the magistrate judge in this case, for

1  the supervision of discovery, as well as a settlement

2  conference if the parties want it.  You're not, of course,

3  obligated to do that.  But if I make that request of the

4  executive committee, then it's there and we don't need to issue

5  a second referral if the parties want that.

6        I recognize, as well, that you all are working

7  professionally and efficiently toward litigating discovery.  I

8  haven't seen any disputes yet; but to the extent they arise, I

9  think you'll get probably more timely and -- more timely

10 attention from Judge Gilbert, as well as the chance to delve a

11 little more deeply.  So I'm going to refer it.  It will be back

12 in front of me, the case that is, for dispositive motions if we

13 get to that point and any trial if we get to that point.  Until

14 then, you'll be in good hands with Judge Gilbert.

15        Anything further from you, Mr. Chudy?

16        MR. CHUDY:  Nothing further from the plaintiff, your

17 Honor.  Thank you.

18        THE COURT:  Thank you.

19        Mr. Cauley, anything further?

20        MR. CAULEY:  Nothing, your Honor.

21        THE COURT:  Thank you all for your time today.  I know

22 it was a longer hearing.  As I said earlier but will repeat,

23 thank you as well for your flexibility.  Good luck with

24 litigating the case.

25        And on a personal level, best wishes for a pleasant

1    remainder of the summer.

2          This concludes the hearing.

3          MR. CAULEY:  Thank you, your Honor.

4          MR. CHUDY:  Thank you, your Honor.

5      (Which were all the proceedings held.)

6                    *    *    *    *    *

7

8    I certify that the foregoing is a correct transcript from the
     record of proceedings, held telephonically, in the above-
9    entitled matter.

10
     _s/ Nancy C. LaBella____                _August 16, 2024_
11   Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25